# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **TIMOTHY RAY RAINWATER** | : | **DOCKET NO. 2:06-cv-346** |
| **VS.** | : | **JUDGE MINALDI** |
| **36th JUDICIAL DISTRICT COURT, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## O R D E R

Currently before the court is a "Motion to Investigate 36th Judicial District Court" [doc. 5] filed by *pro se* petitioner, Timothy Ray Rainwater. By this motion, the petitioner seeks to have the court order an investigation into certain acts of judicial misconduct which are allegedly occurring in the 36th Judicial District Court for the State of Louisiana.

This court has no jurisdiction over state courts or the judges who preside therein. The Louisiana Constitution provides for the creation of a Judiciary Commission for the express purpose of investigating claims of judicial misconduct and reporting to the Louisiana Supreme Court. *See* La. Constitution art. V, § 25; Sup.Ct.Rules, Rule 23, 8 LSA-R.S. The Louisiana Supreme Court "is vested with exclusive original jurisdiction in judicial disciplinary proceedings by La. Constitution art. V, § 25(c)." *In re Hughes,* 874 So.2d 746, 759, 2003-3408 (La.,2004).

It appears as if the petitioner has filed a complaint with the Judiciary Commission of Louisiana but that his claim did not fall within the jurisdiction of the Commission. To his motion, petitioner has attaches a letter dated January 6, 2006 from the Commission informing him that:

> Your letter of complaint does not allege actionable misconduct within the parameters of our jurisdiction. Consequently, we cannot institute an investigation. Your

remedy, if any, is through the court system.

Petitioner also provides evidence that he filed a written complaint with the Louisiana Attorney Disciplinary Board. By letter dated December 13, 2005, the Louisiana Attorney Disciplinary Board declined jurisdiction over his complaint. Petitioner was informed that his complaints of prosecutorial misconduct should be directed to a court of competent jurisdiction and that his complaints against a full time sitting judge had to be filed with the Louisiana Judiciary Commission.

The fact that petitioner has been unsuccessful in his attempts to resolve his claims through the Louisiana Judiciary Commission and/or the Louisiana Attorney Disciplinary Board does not expand the jurisdiction of this court and enable it to initiate an investigation of a state court judge.

Accordingly,

IT IS ORDERED that the motion be DENIED.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 17th day of April, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE